UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| RICHARD LITSCHEWSKI<br><br>Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY, Warden, Mike Durfee State Prison; DENNIS KAEMINGK, Secretary of Corrections; and MARTY J. JACKLEY, Attorney General, State of South Dakota,<br><br>Respondents. | 1:16-CV-01009-CBK<br><br><br><br>ORDER |

## BACKGROUND

Petitioner filed a request for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging the October 2014 decision of the South Dakota Department of Corrections to revoke his good time credits for failure to participate in a sex offender treatment program which required petitioner to admit to his sex offenses. Petitioner argued that the revocation of good time credits violated his Fifth Amendment rights against self-incrimination and double jeopardy, as well as his First Amendment liberty interest, Sixth Amendment right to counsel, Fourteenth Amendment due process rights, and the Religious Land Use of Institutionalized Persons Act, among other contentions. Petitioner requested appointment of counsel, which was granted on March 9, 2016. On January 5, 2018, Petitioner was released from prison. Respondents subsequently filed a motion to dismiss the habeas petition as moot. Petitioner objects to the motion to dismiss, arguing that he suffers from collateral consequences as a result of not completing the sexual offender treatment program: namely, the requirement to register as a sex

offender, ineligibility for good time credits were he convicted of a sex offense again, and the requirement to report to the sex offender registry failure to complete the treatment program. Petitioner requests an evidentiary hearing to present evidence of the collateral consequences of his compliance with South Dakota's sex offender registration statute.

**DECISION**

**I. Standard to render a habeas petition moot**

Article III of the Constitution requires that federal courts limit jurisdiction to "actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. Const. art. III, § 2, cl. 1. When a federal court can no longer grant effective relief as a result "of the passage of time or a change in circumstances" a case is considered moot and must be dismissed for lack of jurisdiction. Ali v. Cangemi, 419 F.3d 722, 723-24 (8th Cir. 2005) (internal citations omitted). If a petitioner is released from custody, but "faces sufficient repercussions from his allegedly unlawful punishment," the federal court should not dismiss the petition as moot. Leonard v. Nix, 55 F.3d 370, 373 (8th Cir. 1995) (internal citations omitted). While such repercussions, or collateral consequences, "are presumed to stem from a criminal conviction," where the "allegedly illegal punishment does not produce any collateral consequences independent of the underlying conviction, the case will be mooted by physical release." *Id.* (internal citations omitted). Sufficient collateral consequences to warrant continued Article III jurisdiction may include "the right to vote, to hold office, to serve on a jury, or to engage in certain businesses." Spencer v. Kemna, 523 U.S. 1, 8 (1998).

An exception to the mootness doctrine exists where a matter is "capable of repetition, yet evading review" and there is "a reasonable expectation that the complaining party would be subjected to the same action again." *Id.* at 17. However, a "mere physical or theoretical

2

possibility" that the petitioner will be subjected to the same action twice is not sufficient to satisfy the mootness exception. Spencer v. Kemna, 91 F.3d 1114, 1118 (8th Cir. 1996). Rather, the petitioner must show that there is a "reasonable likelihood" that he will be affected by the allegedly unconstitutional practice in the future. *Id.* Where a petitioner's contention is based upon "general assertions or inferences that . . . [he] will be prosecuted for violating valid criminal laws" such claims to Article III standing must be rejected. O'Shea v. Littleton, 414 U.S. 488, 497 (1974); *see also* Spencer v. Kemna, 523 U.S. 1, 15 (1998).

**II. Petitioner's alleged collateral consequences**

Petitioner contends that this court should maintain jurisdiction over his habeas petition because collateral consequences will result from his not completing the sexual offender treatment program. First, petitioner characterizes the requirement to register as a sex offender as a collateral consequence. However, the requirement to register as a sex offender is not a result of petitioner's failure to attend treatment, but of his underlying conviction. As petitioner does not challenge his underlying conviction, this consequence does not justify continued jurisdiction over petitioner's claim. Leonard v. Nix, 55 F.3d at 373.

Petitioner also contends that, "[i]f [he] were convicted of a new crime, he would be forced to sit the entire sentence again." This is effectively a request for an exception to the mootness doctrine. Petitioner has not shown that there is a reasonable likelihood of his having to undergo sex offender treatment again and claims to maintain standing that presume a petitioner's future unlawful conduct have consistently been rejected by federal courts. *See* Spencer v. Kemna, 523 U.S. 1, 15 (1998).

Petitioner's final contention is that "the sex offender registry will depict [petitioner] as having never taken the [sexual offender treatment program]." It is true that, pursuant to SDCL 22-24B-8, the information required for sex offender registration includes "[w]hether or not

3

registrant is receiving or has received any sex offender treatment." However, the South Dakota sex offender registry does not publish this information online. SOUTH DAKOTA SEX OFFENDER REGISTRY (May 3, 2018), https://sor.sd.gov/MoreInfo.aspx?s=S0591804. The sex offender registry, contrary to petitioner's contention, does not therefore depict his failure to participate in the sex offender treatment program. Moreover, even if the sex offender registry did make public petitioner's treatment status, "[m]ere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." Connecticut Dept. of Public Safety v. Doe, 538 U.S. 1, 1-2 (2003). Petitioner does not otherwise articulate what harm would result from providing information on the status of his treatment to the sex offender registry. Nor has Petitioner filed suit challenging the legality of South Dakota's sex offender registry statute. That petitioner must report his sex offender treatment or lack thereof to the registry is too speculative a repercussion to justify maintaining jurisdiction over the habeas petition.

None of petitioner's alleged collateral consequences are sufficiently credible to satisfy the case-or-controversy requirement of Article III. The return of the good-time credits petitioner originally sought would have no consequence given his release. As such, petitioner's writ of habeas corpus is moot and should be dismissed.

### III. Petitioner's request for evidentiary hearing

Where an evidentiary hearing pursuant to a habeas petition is not otherwise barred by statute, "the decision to grant such a hearing rests in the discretion of the district court." McGehee v. Norris, 588 F.3d 1185, 1200 (8th Cir. 2009) (internal citations omitted). The district court, in making its determination "must consider whether a hearing could enable an applicant to prove the petition's factual allegations." Id. (internal citations omitted). If the record "refutes the [petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

4

This court is not persuaded that an evidentiary hearing would allow petitioner to prove the petition's factual allegations. Indeed, petitioner has not alleged any credible factual allegations that, if true, would serve as sufficient collateral consequences to justify this court's maintenance of jurisdiction over this suit. Having failed to brief the claimed impact of petitioner's reporting his treatment status pursuant to the sex offender registry statute, it is further unclear what evidence petitioner could present that would demonstrate that this obligation satisfies the case-or-controversy requirement of the Constitution. As such, the request for an evidentiary hearing should be denied.

The dismissal of this action does not alleviate my concerns that the sexual offender program for inmates in South Dakota, especially in cases where the sentencing state judge has not included in the sentence imposed the requirement to participate in the program while in custody, may well have constitutional flaws. I cannot, of course, issue advisory opinions and my concerns do not remedy the problems with mootness in this case.

I thank appointed counsel for his public service. He should submit his billing to the court.

**ORDER**

Now, therefore,

IT IS ORDERED:

1. Respondents' motion to dismiss, Doc. 22, is granted.

2. Petitioner's request for evidentiary hearing, Doc. 26, is denied.

Dated this 30th day of May, 2018.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge